**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

CAROLE BRITO,

    Plaintiff,

vs.                                                             No. CIV 00-1027 JC/LFG

ALLSTATE INSURANCE COMPANY, and
PATRICK BRITO,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court on Plaintiff's Motion for Voluntary Dismissal, filed December 6, 2001 *(Doc. 35)*. The Court has reviewed the motion, the memoranda and exhibits submitted by the parties, and the relevant authorities. The Court finds that Plaintiff's motion is well taken and will be granted.

**I.**     **Dismissal**

Rule 41(a)(1) provides two ways for a plaintiff to dismiss a case voluntarily:

    i) filing a notice of dismissal any time before service of the adverse party

    ii) filing of a stipulation of dismissal signed by all parties who have appeared in the action.

*See* FED. R. CIV. P. 41(a)(1). In both instances, unless otherwise stated, the dismissal is without prejudice. *See id.* In this case, Defendant Allstate refuses to stipulate to dismissal without prejudice, instead arguing dismissal should be with prejudice unless attorneys' fees are awarded. Because Defendant Allstate does not agree to Plaintiff's dismissal under the terms set forth by Plaintiff,

Plaintiff's motion becomes a request for dismissal by the Court under Rule 41(a)(2). Rule 41(a)(2) allows the court to dismiss the case at the plaintiff's request, upon such terms and conditions as the Court deems proper. *See* FED. R. CIV. P. 41(a)(2).  Rule 41(a)(2) does not require that a plaintiff's request for dismissal take any specific form; it requires only that the court approve such a request for dismissal. *See id.* Thus, the Court has a great deal of discretion to decide when to allow dismissal and under what terms. *See e.g. Simons v. Southwest Petro-Chem, Inc.*, 130 F.R.D. 134, 135 (Kan.1990)(the decision to grant a dismissal with or without prejudice is left to the discretion of the court).

"When considering a motion to dismiss without prejudice, the important aspect is whether the opposing party will suffer prejudice in the light of the valid interests of the parties." *Clark v. Tansy*, 13 F.3d 1407, 1411 (10th Cir.1993) (internal quotations omitted)[1]. The factors the district court should consider in determining the "legal prejudice" the opposing party will suffer if a motion to dismiss without prejudice is granted include: the opposing party's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the Plaintiff in prosecuting the action, and insufficient explanation for the need to take a dismissal. *See id.* Considering these factors, Defendant Allstate would not suffer sufficient prejudice to deny dismissal without prejudice. Therefore, the Court finds that Plaintiff's motion to dismiss without prejudice is well taken and will be granted.

## II.     Attorneys' Fees

---

[1] The Fourth Circuit has stated that the prejudice must be substantial. *See Kenrose Mfg. Co. v. Fred Whitaker Co.*, 512 F.2d 890, 895 (4th Cir.1972). The Tenth Circuit has not gone that far, however, the Tenth Circuit has stated that it is abuse of discretion to deny dismissal merely for convenience of the Court. *See Clark v. Tansey*, 13 F3.d 1407, 1411 (10th Cir. 1993). Thus, the court time spent on the case thus far may not be considered. *See id.*

Defendant Allstate asks that if Plaintiff's motion to dismiss without prejudice is granted, Allstate be awarded attorneys' fees, in anticipation that it will have to re-defend this case at a later date. The Tenth Circuit has stated that "when a plaintiff dismisses an action without prejudice, a district court may seek to reimburse the defendant for his attorneys' fees because he faces a risk that the plaintiff will re-file the suit and impose duplicative expenses upon him." *Aerotech, Inc. v. Estes*, 110 F.3d 1523 1528 ( 10th Cir. 1997); *Cauley v. Wilson*, 754 F.2d 769, 771-72 (7th Cir. 1985).[2] Thus, the imposition of attorneys' fees is at the discretion of the Court. Here, the Court finds that attorneys' fees are not warranted. Any fees generated thus far result from work which will contribute to the defense of any case re-filed by Plaintiff. Accordingly, Defendant Allstate would not be subject to duplicative expenses warranting the award of attorneys' fees in this case.

Wherefore,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Voluntary Dismissal, filed December 6, 2000 *(Doc. 35)* is granted.

**IT IS FURTHER ORDERED** that Defendant Allstate's request for attorneys' fees is denied.

DATED February 12, 2001.

_____
SENIOR UNITED STATES DISTRICT JUDGE

---

[2]Conversely, a defendant may not recover attorneys' fees when a plaintiff dismisses an action with prejudice absent exceptional circumstances. *See Aerotech, Inc. v. Estes*, 110 F.3d 1523 1528 ( 10th Cir. 1997)

Plaintiff's Attorney:

    David J. Berardinelli, Esq.
    Berardinelli & Associates
    Santa Fe, New Mexico

Attorneys for Defendant Allstate Insurance:

    Lisa Mann, Esq.
    Jennifer Noya, Esq.
    Modrall, Sperling Roehl, Harris & Sisk, P.A.
    Albuquerque, New Mexico

Attorney for Defendant Patrick Brito:

    Patrick Brito, Esq, *Pro Se*
    Santa Fe, New Mexico